FILED

2008 Jan-23  AM 08:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| DANNY MOULDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:04-cv-3443-SLB-TMP |
| | ) |
| STEPHEN BULLARD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on December 12, 2007, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. (Doc. 43.)  The plaintiff filed objections on January 3, 2008.  (Doc. 45.)

In his objections, the plaintiff contends that, without discovery, he is unable to prove a history of widespread violence within Donaldson Correctional facility and the defendants' deliberate indifference to such conditions, since the defendants have "exclusive possession" of such evidence. (Doc. 45 at 1-2.) As an initial matter, the plaintiff was afforded ample opportunity to request discovery but failed to do so in a timely manner.  Moreover, even if the plaintiff had alleged factual incidents that exemplify the type of frequent and rampant violence at Donaldson that would rise to the level of a constitutional violation, there is no evidence that such conditions affected him personally or that the defendants were deliberately indifferent to those conditions.  The plaintiff puts special emphasis on Defendant Bullard's March 2005 memo to Defendant Campbell regarding dangerous conditions at Donaldson.  However, the plaintiff does not contend he was assaulted

because of overcrowding, understaffing, underfunding, or inadequate security; rather, he claims the assault occurred because Defendant Arthur referred to him as a snitch.

Additionally, the plaintiff fails to dispute evidence that (1) Defendant Campbell sought additional funding from the Alabama legislature for the prison system to alleviate overcrowding and to provide additional staffing for the facilities in his charge; (2) searches were done daily and documented on the shakedown report; and (3) although there were no total lockdown institutional searches, complete cell block and random searches were done on a daily basis. "To be deliberately indifferent, a prison official must knowingly or recklessly disregard an inmate's basic needs so that knowledge can be inferred." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993). The plaintiff has not made such a showing here, and therefore fails to demonstrate that Campbell and Bullard were deliberately indifferent to the conditions at Donaldson.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**. The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered.

**DONE** this the 22nd day of January, 2008.

Sharon Lovelace Blackburn

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE